# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re<br><br>**VALARIE J. AESCHBACHER**<br><br><br>**Debtor** | **Bankruptcy Case<br>No. 09-40713-JDP** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

> Kameron M. Youngblood, Youngblood Law, Idaho Falls, Idaho, for Debtor.

> Steven D. Wood, Service & Spinner, Pocatello, Idaho, for Chapter 7 Trustee R. Sam Hopkins.

### *Introduction*

The issue presented in this case is whether the negligent conduct of

Debtor Valarie J. Aeschbacher, and that of her counsel, Kameron

Youngblood, is "excusable" such that the Court should grant Debtor's

MEMORANDUM OF DECISION – 1

motion to set aside its order sustaining Trustee's objection and denying

Debtor an exemption in a vehicle.  The Court has considered the

submissions of the parties, the arguments of counsel, as well as the

applicable law, and now issues the following decision.  This Memorandum

disposes of the motion.  Fed. R. Bankr. P. 7052; 9014.[1]

### *Facts*

On May 18, 2009, Debtor Valerie J. Aeschbacher ("Debtor") filed a

chapter 7 petition.  Docket No. 1.  R. Sam Hopkins ("Trustee") is the

trustee in the case.

In her schedules, Debtor did not claim any interest in a certain 2004

Ford Escape.  Instead, in answer to question 10 in her Statement of

Financial Affairs ("SOFA"), Debtor indicated that she recently transferred

such a vehicle to Janice Aeschbacher ("Aeschbacher"), her mother, who

had paid off the loan on the vehicle for $15,000, and thereby became the

sole owner of the vehicle.  *Id*.  In addition, in answer to question 14 of the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

SOFA, Debtor indicated that she was in possession of the 2004 Ford

Escape, but that it was held for Aeschbacher.  *Id*.

After apparently doing a vehicle title search and discovering that

Debtor's name was listed as the owner on the title of the Escape, on

November 23, 2009, Trustee commenced an adversary proceeding against

Aeschbacher to recover the vehicle .  Adv. Proc. No. 09-8087, Docket No.

1.[2]  Aeschbacher did not file an answer or response to Trustee's complaint,

and on December 31, 2009, Trustee filed both an application for clerk's

default, as well as a separate motion seeking entry of a default judgment.

Adv. Proc. No. 09-8087, Docket Nos. 6, 7.  Aeschbacher did not respond to

the motion, and on January 7, 2010, a clerk's default and a default

judgment was entered directing that Aeschbacher turn over the Escape to

Trustee.  Adv. Proc. No. 09-8087, Docket Nos. 10, 11.

---

[2] There are two adversary proceedings arising from this bankruptcy case.
The first is 09-8087-JDP, which is the Trustee's suit against Aeschbacher to
recover the vehicle.  The second is 10-8118-JDP, which is Trustee's action against
Debtor seeking a revocation of her discharge.  The adversary dockets are referred
to as Adv. Proc. No. 09-8087 Docket and Adv. Proc. No. 10-8118 Docket,
respectively.

MEMORANDUM OF DECISION – 3

Apparently in response to the Court's judgment requiring

Aeschbacher to surrender her interest in the Escape, on January 25, 2010,

Debtor filed amended schedules B and C in her bankruptcy case.  In

schedule B she now claimed to be the co-owner of the Escape along with

Aeschbacher, and on her amended schedule C, she claimed the car

exempt.[3]  Docket No. 29.  She also amended her SOFA to omit the

statement that the vehicle was being held for her mother, Aeschbacher.  *Id*.

Trustee objected to Debtor's newly-claimed exemption in the vehicle

on February 1, 2010.  Docket No. 30.  A copy of the objection was

electronically served on Debtor's attorney, Mr. Youngblood, and a copy

was mailed to Debtor.  Per the local rules, Trustee indicated on the face of

the objection that Debtor's failure to timely respond to the objection could

result in the Court's entry of an order denying her exemption without a

hearing.  *Id*.; *see* LBR 2002.2(d)(specifying procedure for "notice and a

hearing" in certain contested matters).  Neither Debtor nor her attorney

---

[3]  Debtor claimed the vehicle exempt pursuant to Idaho Code § 11-605(3) in the amount of $5,000, and Idaho Code § 11-605(10) in the amount of $800. Docket No. 29.

MEMORANDUM OF DECISION – 4

responded, and on March 9, 2010, Trustee filed an affidavit attesting that

to the lack of any timely response and requesting that the Court enter an

order sustaining Trustee's objection to Debtor's claim of exemption.

Docket No. 31.  That order was entered by the Court on May 18, 2010.

Docket. No. 33.

There was no activity in bankruptcy case for the next two and a half

months while, behind the scenes, Trustee was unsuccessfully attempting

to obtain possession of the Escape.  Finally, on August 25, 2010, Trustee

filed a motion for an order requiring Aeschbacher to submit to an

examination under Rule 2004, so Trustee could elicit information from her

concerning the vehicle.  Docket No. 35.  This unopposed motion came on

for a hearing on September 29, 2010, and it was granted.  Docket Nos. 37,

38.

Several weeks later, on October 21, 2010, Trustee filed a Motion for

Turnover of the Escape, this time directed at Debtor.  Docket No. 40.  He

also filed an application to employ an auctioneer to sell the vehicle.

Docket No. 41.  Debtor failed to respond to either motion, Docket Nos. 44,

MEMORANDUM OF DECISION – 5

47, and the Court entered orders granting both motions.  Docket Nos. 45, 48.

In anticipation of finally obtaining possession of the Escape, on November 11, 2010, Trustee filed a Notice of Sale, in which he gave notice to Debtor and other parties that he planned to sell the Escape at a public auction on December 11, 2010.  Docket No. 42.  However, despite the Court's order requiring turnover of the vehicle to Trustee, Debtor apparently remained in possession of the vehicle, requiring that  Trustee ultimately file a second adversary proceeding two days prior to the proposed auction, in which he sought a revocation of Debtor's discharge pursuant to § 727(d), due to Debtor's failure to obey the Court's order to turn over the vehicle.  Docket No. 49; Adv. Proc. No. 10-8118, Docket No. 1.

The auction date passed.  On December 15, 2010, Debtor, through counsel, filed a "Motion to Set Aside Default Judgment."  Docket No. 50.[4]

_____

[4] For some reason unknown to the Court, this motion was originally filed by Debtor's attorney in the Aeschbacher adversary proceeding.  Adv. Proc. No. 09-8087, Docket No. 13.  Of course, Debtor was not a party to that action.

MEMORANDUM OF DECISION – 6

Trustee opposed the motion, Docket No. 52, a hearing was conducted on

January 12, 2011, after which the Court took the issues under advisement.

### *Analysis and Disposition*

Debtor asks the Court for relief from the order disallowing her claim

of exemption in the Ford Escape. Resolution of the motion is governed by

Rule 9024, which makes Civil Rule 60 applicable in bankruptcy cases.

1. Civil Rule 60(b)(1) Standards.

Civil Rule 60(b) provides, in relevant part: "On motion and just

terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect." Civil Rule 60(b)(1).[5] The

---

Debtor's counsel explained to the Court at the hearing, that through the motion,
Debtor was not seeking to have the default judgment against Aeschbacher in the
first adversary proceeding set aside, but rather wanted relief from the Court's
order sustaining Trustee's objection to Debtor's claim of exemption in the
vehicle. When this error came to light at the hearing, the Court ordered that
Debtor's motion be re-docketed by the clerk in the bankruptcy case.

   [5] Debtor argues only excusable neglect, found in Civil Rule 60(b)(1), and
does not contend that any other portions of Civil Rule 60(b) are applicable in this
case. Docket No. 50.

MEMORANDUM OF DECISION – 7

Court's treatment of a Civil Rule 60(b) motion is not rigid, but instead requires the Court to equitably consider all relevant circumstances surrounding a party's, or the party's lawyer's, errors or omissions. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*) (noting that the standard was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr. D. Idaho 2003).

Under Civil Rule 60(b), Debtor bears the burden of proof of showing she is entitled to relief. *In re Shingleton*, 07.4 I.B.C.R. 73, 73 (Bankr. D. Idaho 2007) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)). Whether relief should be granted under any of the provisions of Civil Rule 60(b) is a question addressed to the sound discretion of the Court. *In re Kirkendall*, 00.3 I.B.C.R. 125, 125 (Bankr. D. Idaho 2000) (citing *Zimmerman v. First Fidelity Bank (In re Silva)*, 97.4 I.B.C.R. 118, 119 (Bankr. D. Idaho 1997)).

"In deciding whether a party has demonstrated 'excusable neglect'

MEMORANDUM OF DECISION – 8

to support relief from an order sustaining an objection to a claim of

exemption, the Court employs the standard established in [*Pioneer*, 507 U.S.

at 395]."  *In re Bott*, 03.2 I.B.C.R. at 127.  The factors listed in *Pioneer* are

non-exclusive, and this Court is permitted to take "account of all relevant

circumstances surrounding the party's omission" in determining the

equities of the case.  *Pioneer*, 507 U.S. at 395.  The four factors of the *Pioneer*

test focus the Court on:  1) the danger of prejudice to the debtor; 2) the

length of delay and its potential impact on judicial proceedings; 3) the

reason for the delay; and 4) whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.

    2.  Application of the *Pioneer* factors.

    The first factor to consider under *Pioneer* is the danger of prejudice to

Debtor.  If the Court's order sustaining Trustee's objection to Debtor's

claimed exemption in the vehicle stands, the Escape will be sold by

Trustee, and the money distributed by Trustee to creditors.  Thus, this

factor militates in favor of Debtor.

    The second factor is length of delay and its potential impact on

MEMORANDUM OF DECISION – 9

judicial proceedings.  Here, there has been extraordinary delay in

addressing Debtor's exemption claim, all caused by Debtor or her counsel

in failing to timely assert that claim.

Debtor's bankruptcy petition was filed on May 18, 2009.  Debtor did

not claim any interest in the car, and maintained she was merely holding it

for Aeschbacher.  Debtor did not reveal that her name remained on the

title to the Escape.  Instead, Trustee was required to discover that fact, and

to commence an adversary proceeding to recover the vehicle from

Aeschbacher in November, 2009.

It was not until after Trustee obtained a judgment against

Aeschbacher authorizing him to take possession of and sell the Escape

that, in January, 2010, Debtor amended her schedules to claim the vehicle

as an exempt asset.  Trustee objected to Debtor's claim of exemption on

February 1, 2010, and again, Debtor and counsel failed to respond in any

way.  On May 19, 2010, the Court entered the order sustaining Trustee's

objection to the claim of exemption.  Debtor and counsel thereafter did

nothing to save the claim of exemption until after Trustee was forced to

MEMORANDUM OF DECISION – 10

take Aeschbacher 's deposition, schedule an auction, and to obtain an

order against Debtor to turn over the Escape.  Debtor and counsel finally

filed the motion to set aside the Court's order on December 15, 2010.  The

delay resulting from Debtor's and counsel's inaction was significant and

this factor weighs against granting Debtor any relief.

Moreover, no good reason is offered by Debtor or her lawyer to

explain the delay.  While counsel contended at the hearing that his focus

during this time was on the adversary proceedings, which caused him to

neglect Trustee's objection, this excuse rings hollow.  The first adversary

proceeding targeted Aeschbacher, whom counsel did not represent.  And

the second adversary proceeding against Debtor was not commenced until

long after the Court had denied Debtor's exemption claim.  On this record,

there is no adequate explanation why it took Debtor and counsel over

seven months to ask for relief from the order denying Debtor's exemption

claim, and this factor also weighs against Debtor.

The final factor under *Pioneer* is whether the movant, Debtor, acted

in good faith.  While the Court could speculate that Debtor and counsel

MEMORANDUM OF DECISION – 11

were hoping, through their dilatory approach to issues involving the

Escape, to simply delay its inevitable surrender to Trustee, the record in

that respect is equivocal.  The Court gives Debtor and her attorney the

benefit of the doubt that they were simply negligent, and not attempting to

game the system.

Simply put, the *Pioneer* factors weigh against Debtor and heavily in

favor of Trustee.[6]

### Conclusion

The Court, in the exercise of its discretion, concludes that the neglect

displayed in this case by Debtor and her counsel in failing to timely contest

---

[6] Even if the default order disallowing the exemption were set aside, it is
highly likely that the Court would nonetheless rule for Trustee on the merits.
Not only did Trustee have to file an adversary proceeding against Aeschbacher
for turnover of the vehicle, but Trustee also had to move for a 2004 examination
of Aeschbacher, as well as seek a turnover order against Debtor and ultimately
file an adversary proceeding against her just to gain possession of the car, and
even then, Trustee did not get the vehicle in time to be sold at auction.  Thus,
much time and expense were outlayed by Trustee in order to gain possession of
the car.  Furthermore, Debtor took inconsistent positions reagarding the vehicle
in her schedules about the Escape.  Under these circumstances, it is doubtful that
the Court would have allowed Debtor's amended claim of exemption.  *In re
Hamilton*, 93 I.B.C.R. 227 (Bankr. D.Idaho 1993) (holding that right to
amend exemption claim can be denied where debtor engaged in bad faith or where
trustee/creditors would be prejudiced by the delay in claiming the exemption.).

MEMORANDUM OF DECISION – 12

Trustee's objection to her amended exemption claim was not excusable.

Debtor has not shown she is entitled to relief from the order disallowing

her exemption under Civil Rule 60(b)(1).  Debtor's motion to set aside will

be denied in a separate order.

Dated:  February 15, 2011

_____

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 13